# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALFREDO CHATMAN, individually, and on behalf of others similarly situated, ) ) ) | |
| Plaintiff, ) | Case No. 1:12-cv-10209 |
| ) | |
| v. ) | Judge Charles R. Norgle, Sr. |
| ) | |
| PIZZA HUT INC., MICHAEL JACKSON, MICHAEL LUSTER, and JGJ MANAGEMENT ) ) ) ) | Magistrate Judge Sidney I. Schenkier |
| Defendants. ) | |

### DECLARATION OF ERIKA BURKHARDT IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

I, Erika Burkhardt, declare and state as follows:

1. I have worked as Counsel for Pizza Hut, Inc. ("Pizza Hut") for approximately nine years. I have personal knowledge of the facts in this declaration, and if called as a witness I could and would testify to such facts under oath.

2. Based on my review of Pizza Hut's records, Pizza Hut employed plaintiff Alfredo Chatman ("Plaintiff") as a delivery driver in Chicago, Illinois from August 20, 2010 until December 6, 2011. Plaintiff worked at the Pizza Hut restaurant located at 8849 S. Stony Island Ave. in Chicago, Illinois from August 20, 2010 to August 2, 2011. Plaintiff then transferred to the Pizza Hut location in South Holland, Illinois, where he was employed by Pizza Hut until the store was sold to a franchisee on December 5, 2011.

3. Prior to his employment with Pizza Hut, Plaintiff submitted an online application for employment as a Pizza Hut delivery driver on August 11, 2010. Before an applicant may complete Pizza Hut's online application form, the applicant first is prompted to review certain "Pre-Application Disclosures," which state in relevant part that "by submitting this electronic

application, I consent to apply for employment electronically and acknowledge that all other agreements and transactions described herein may be conducted electronically." The Pre-Application disclosures also contain a notice that the applicant has "the right to receive such disclosures and give my consent or authorization on paper instead of electronically." However, by submitting the electronic application, the applicant expressly acknowledges, "I consent to apply electronically and acknowledge that all other agreements and transactions described herein may be conducted electronically." Before proceeding to complete the application form, the applicant must click a button stating "I consent to receive and respond to notice in electronic form."

4. After consenting to apply electronically, the applicant then completes the application form in the applicant's browser. In addition to entering information related to work history and qualifications, the applicant must view certain terms and conditions of employment, including an "Agreement to Arbitrate." In order to submit the application, the applicant must click a button stating "I understand and agree to the terms outlined above" as an electronic signature. In each application, the Agreement to Arbitrate is located near the end of the Terms and Conditions and in close proximity to the electronic signature.

5. After completing the application, the applicant is given the option to "Save for Later," "Print," or "Cancel Application." The applicant is also notified in the Pre-Application Disclosures of a right to "access the electronic records by contacting Pizza Hut" or to "request a paper copy of any consent or authorization I give electronically."

6. I have reviewed Exhibit B to Pizza Hut's Memorandum in Support of Its Motion to Compel, which is a true and correct copy of Plaintiff's August 11, 2010 online employment application. In the "Terms and Conditions" section of the application, the text stating "Statement

2

viewed" in the right margin of each box indicates that Plaintiff viewed the page containing the adjacent statement, including each clause in the "Agreement to Arbitrate." The statement "I understand and agree to the terms outlined above" indicates that Plaintiff clicked a button next to this statement on his application as an electronic signature indicating his assent to each of the Terms and Conditions, including the Agreement to Arbitrate.

7. Exhibit C to Pizza Hut's Memorandum in Support of Its Motion to Compel is a true and correct copy of the Pre-Application Disclosures that Plaintiff was required to consent to prior to completing his application.

8. On November 23, 2011, after Pizza Hut announced the sale of the store where Plaintiff worked, Plaintiff again completed the online employment application for positions at multiple Pizza Hut store locations in the greater Chicago metropolitan area. The application form completed by Plaintiff in November 2011 contains the identical "Agreement to Arbitrate" language that is contained in his August 2010 application, and Plaintiff again acknowledged and agreed to the provision in each application. Plaintiff also consented to the "Pre-Application Disclosures" in his November 2011 applications and again agreed to complete the application process electronically. I have reviewed Exhibit D to Pizza Hut's Memorandum in Support of Its Motion to Compel, which is a true and correct copy of Plaintiff's November 2011 online employment applications.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of January, 2013.

_Erika Burkhardt_
Erika Burkhardt

7302797

3