UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Alfredo Chatman,** | ) | |
| | ) | No.   12 CV 10209 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| **Pizza Hut, Inc., et al,** | ) | |
| | ) | |
| Defendants. | ) | September 18, 2013 |

## ORDER

Defendant JGJ Management to compel arbitration and to stay proceedings [30] is denied.  A status hearing is scheduled for September 24, 2013, at 11:00 a.m. in courtroom 1019.  All of the parties are required to appear.  Parties should be expected to address the issue of whether this case should be stayed pending the arbitration proceeding between Plaintiff and Defendant Pizza Hut notwithstanding the court's ruling on Defendant JGJ's motion in the interest of judicial economy and practicality.  Plaintiff should also be prepared to explain the scope of his class claims against Defendant JGJ.

## STATEMENT

On May 23, 2013, the previously assigned Magistrate Judge, the Honorable Sidney I. Schenkier, granted in part and denied in part Defendant Pizza Hut Corporation's ("Pizza Hut") motion to compel arbitration and stay proceedings.  (R. 27, 28.)  On June 26, 2013, Defendant JGJ Management ("JGJ") filed its own motion to compel arbitration and stay proceedings.  (R. 30.)  At a status hearing on

1

July 3, 2013, Judge Schenkier heard arguments on the motion and, in response to representations by JGJ that Plaintiff had agreed to the identical arbitration provision with JGJ that he had agreed to with Pizza Hut, he ordered JGJ to submit a copy of this agreement. (R. 31.) Instead of submitting a copy of the arbitration agreement, JGJ filed a supplement (R. 32) to its motion to compel arbitration attaching two documents, an Assignment and Assumption Agreement entered into by and between JGJ and Pizza Hut on August 29, 2011, and what appears to be a Power Point presentation titled, "Welcome to Team JGJ." (R. 32, Exs. A, B.)

Under the Federal Arbitration Act, a court will grant a motion to compel arbitration where the following three elements exist: (1) a written agreement to arbitrate; (2) a dispute within the scope of the arbitration agreement; and (3) a refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). In this case, JGJ has not identified any written arbitration agreement between JGJ and Plaintiff. But, JGJ argues that it became an assignee to the Pizza Hut employment agreements that contained the arbitration provision. The court cannot accept this argument because there is no proof of such assignment. The Assignment and Assumption Agreement attached to the supplement says nothing about employment contracts. In Schedule I of the agreement Pizza Hut assigned rights and obligations for equipment leases and in Schedule II it assigned rights and obligations with regard to vendors for service, security, maintenance, and supply. There is no express assignment of employment contracts and no general assignment of all contracts.

2

The two declarations JGJ submitted in support of its motion to compel, from a manager of JGJ and from counsel for Pizza Hut, do not provide a basis to compel arbitration. Michael Luster, a manager of JGJ, testified that "Plaintiff applied online for continuous employment with JGJ and remained employed after [JGJ's] acquisition of the Pizza Hut facility." (R. 30, Ex. A ¶ 4.) But his testimony fails to provide sufficient factual details to even raise an inference that Plaintiff agreed to arbitration when he "applied online for continuous employment with JGJ." Also, where is this online application? If JGJ is referring to the online application Plaintiff submitted to Pizza Hut on November 23, 2011 (R. 16, Ex. D), this application does not refer to JGJ as one of the contracting parties. Furthermore, Erika Burkhardt, counsel for Pizza Hut, testified in her declaration that Plaintiff submitted this particular online application "for positions at multiple Pizza Hut store locations in the greater Chicago metropolitan area." (R. 30, Ex. B ¶ 8.) She does not say that this online application was for the benefit of JGJ's hiring process. There is no evidence that Plaintiff submitted the November 2011 online application in order to maintain his employment with JGJ after the acquisition of the location to which Plaintiff was assigned or that he agreed to a binding arbitration of claims he may have against JGJ.

JGJ also contends that after the purchase, it provided a packet of information dubbed "Welcome to Team JGJ," which "addressed employee concerns regarding salaries, wages and benefits" (R. 32, Ex. B). JGJ, however, fails to explain how this document or presentation---which notably does not mention any arbitration

3

agreement---supports JGJ's claim that it had a binding arbitration agreement with Plaintiff. As such, JGJ fails to provide a basis to compel Plaintiff to arbitrate his claims against JGJ.

Because JGJ's request to stay the proceeding is based on its argument that the claims asserted against it must be arbitrated, and because this court rejects this argument, the request to stay must also fail. However, the court has discretion to stay proceedings in the interests of judicial economy and controlling its docket. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 n. 23 (1983) ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket."); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 529 (7th Cir. 1996) (acknowledging that district courts have discretion to stay proceedings with respect to all parties pending arbitration even where not all parties are subject to the arbitration agreement). While the arbitrator's findings pertaining to Plaintiff's claims against Pizza Hut are not binding on Plaintiff's claims against JGJ, considerations of judicial economy and avoidance of confusion and possible inconsistent results nonetheless may militate against Plaintiff prosecuting his claims against JGJ while arbitrating his claims against Pizza Hut simultaneously. Here, the legal claims against Pizza Hut appear to be identical to those claims against JGJ. Should this court outpace the arbitration proceeding, this court's rulings and findings could affect the arbitrator's decision on those same

4

issues, including the issue of class certification. Accordingly, the parties will be expected to address at the next status hearing the issue of whether prudence warrants a stay of the entire case pending arbitration.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**